UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SENSORRX, INC., <br><br> Plaintiff, <br><br> v. <br><br> ELI LILLY AND COMPANY, <br><br> Defendant. | Civil Action No.: 3:19-cv-00643-RJC-DCK |
| ELI LILLY AND COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> SENSORRX, INC., <br><br> Defendant. | Civil Action No.: 3:20-cv-00351-RJC-DCK |

**THIS MATTER** comes before the Court *sua sponte* following a status conference held on August 18, 2020.

I. BACKGROUND

This dispute arises out of SensorRx, Inc. and Eli Lilly and Company's failed negotiations to enter into a business relationship related to SensorRx's development of MigrnX, a physician-recommended migraine management system. SensorRx alleges that Eli Lilly induced SensorRx to engage in negotiations for the sole purpose of deciding whether to enter into a business relationship, but secretly used SensorRx's confidential information to develop a competing migraine application before terminating negotiations.

On November 13, 2019, Eli Lilly filed an anticipatory complaint against SensorRx in the Southern District of Indiana asserting four counts seeking a declaratory judgment that Eli Lilly did not misappropriate trade secrets in violation of state and federal law and did not breach the parties' Mutual Confidentiality Agreement.

On November 22, 2019, SensorRx filed a complaint against Eli Lilly in this Court, docketed as Case No. 3:19-cv-00643-RJC-DCK ("SensorRx's Action"). On December 13, 2019, SensorRx filed in the Indiana action a motion to transfer venue to the Western District of North Carolina. As a result, on January 3, 2020, this Court entered an order staying SensorRx's Action pending the Indiana district court's resolution of SensorRx's motion to transfer venue.

On June 19, 2020, the Indiana district court entered an order concluding that Eli Lilly's action was an improper anticipatory filing and transferring the case to the Western District of North Carolina, which is now docketed as 3:20-cv-00351-RJC-DCK ("Eli Lilly's Action"). On July 20, 2020, SensorRx filed in its action an amended complaint asserting claims for unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1, fraud and fraudulent concealment, fraudulent inducement, and unjust enrichment. That same day, SensorRx filed in Eli Lilly's Action amended counterclaims asserting the same claims it asserts in its amended complaint.

On the parties' motion, the Court held a status conference on August 18, 2020.

## II. DISCUSSION

### A. Dismissal of Eli Lilly's Action

As a result of Eli Lilly's improper anticipatory declaratory judgment complaint, this Court now has two mirror-image lawsuits pending before it. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "Exercise of jurisdiction under this Act is discretionary, not mandatory." Alphatronix, Inc. v. Pinnacle Micro, Inc., 814 F. Supp. 455, 456 (M.D.N.C. 1993). A court should not exercise declaratory judgment jurisdiction when the declaratory relief sought is "being used merely as a procedural device for a declaratory judgment plaintiff to select the choice of forum." Dunn Computer Corp. v. Loudcloud, Inc., 133 F. Supp. 2d 823, 829 (E.D. Va. 2001). "It is appropriate for a federal district court to decline jurisdiction over a declaratory judgment action where the declaratory judgment action was filed in apparent anticipation of a suit in another forum." Yoder v. Heinold Commodities, Inc., 630 F. Supp. 756, 760 (E.D. Va. 1986); see also Great W. Cas. Co. v. Packaging Corp. of Am., No. 1:18cv1026, 2020 U.S. Dist. LEXIS 43851, at *12 (M.D.N.C. Mar. 13, 2020) ("The Fourth Circuit has long held that courts should decline jurisdiction over a first-filed declaratory judgment action where a party races to the courthouse seeking to head off the trial of an issue in a court of coordinate jurisdiction." (quotation marks omitted)).

As the Indiana district court aptly concluded, Eli Lilly's Action was an improper anticipatory declaratory judgment action. Eli Lilly merely asserts declaratory judgment counts of no liability, and SensorRx asserts as counterclaims the same claims it asserts in its action. For that reason, the Court dismisses Eli Lilly's Action, Case No. 3:20-cv-00351-RJC-DCK. See Dunn, 133 F. Supp. 2d at 833 (dismissing plaintiff's anticipatory declaratory judgment claims); Alphatronix, 814 F. Supp. at 456 (dismissing plaintiff's anticipatory declaratory judgment action and denying plaintiff's motion to consolidate).

B. Discovery

During the status conference, the Court discussed the discovery that the parties conducted while the case was pending in Indiana, and the parties agreed that such discovery could be used in this action. Therefore, any and all discovery conducted by the parties in the Indiana action will be deemed to have also been conducted in this action, Case No. 3:19-cv-00643-RJC-DCK.

Under Local Rule 26.1, court-enforceable discovery does not commence until issuance of the Scheduling Order. However, as the parties have already commenced discovery in the Indiana action and this case has been pending for quite some time, the Court hereby orders that the parties continue conducting discovery and such discovery will be subject to enforcement by the Court, notwithstanding the local rules. As discussed during the status conference, Eli Lilly has seven (7) days from the date of this Order to object to any third-party discovery.

Until the Court issues a Pretrial Order and Case Management Plan providing

4

otherwise, discovery in this case is limited as follows: Each party may propound no more than **20** interrogatories, including subparts; propound no more than **20** requests for admission; and take no more than **6** depositions of non-expert witnesses.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Case No. 3:20-cv-00351-RJC-DCK is **DISMISSED**, and the Clerk of Court is directed to close that case;

2. Any and all discovery conducted by the parties in the Indiana action will be deemed to have also been conducted in this action, Case No. 3:19-cv-00643-RJC-DCK;

3. The parties shall continue to conduct discovery, and such discovery will be subject to enforcement by the Court; and

4. Eli Lilly shall file any objection to third-party discovery within **seven (7) days** of the date of this Order.

Signed: August 20, 2020

Robert J. Conrad, Jr.
United States District Judge